**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0975-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KENNETH BODDIE,

    Defendant-Appellant.

_____

Submitted March 1, 2018 — Decided August 15, 2018

Before Judges Rothstadt and Gooden Brown.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Indictment No.
07-02-0168.

Joseph E. Krakora, Public Defender, attorney
for appellant (William P. Welaj, Designated
Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor,
attorney for respondent (Marc A. Festa, Senior
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant Kenneth Boddie appeals from the July 6, 2016 Law

Division order, which denied his first petition for post-

conviction relief (PCR) without an evidentiary hearing.  On appeal,

defendant raises the following contentions:

> POINT I:
>
> THE TRIAL COURT ERRED IN DENYING THE
> DEFENDANT'S PETITION FOR POST CONVICTION
> RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY
> HEARING TO FULLY ADDRESS HIS CONTENTION THAT
> HE FAILED TO RECEIVE ADEQUATE LEGAL
> REPRESENTATION AT THE TRIAL LEVEL.
>
>> A.[1] THE DEFENDANT DID NOT RECEIVE
>> ADEQUATE LEGAL REPRESENTATION FROM
>> TRIAL COUNSEL AS A RESULT OF
>> COUNSEL'S FAILURE TO PURSUE AN ALIBI
>> DEFENSE.
>>
>> B. TRIAL COUNSEL DID NOT ADEQUATELY
>> REPRESENT THE DEFENDANT ARISING OUT
>> OF HIS FAILURE TO THOROUGHLY DISCUSS
>> WITH HIS CLIENT ALL RELEVANT
>> RAMIFICATIONS ASSOCIATED WITH THE
>> DECISION WHETHER OR NOT TO TESTIFY,
>> AS A RESULT OF WHICH HE DID NOT
>> TESTIFY IN HIS OWN DEFENSE.

We have considered defendant's contention that trial counsel

failed to thoroughly discuss with him all relevant ramifications

associated with the decision whether or not to testify in light

of the record and applicable legal principles and conclude it is

without sufficient merit to warrant discussion in a written

opinion.  R. 2:11-3(e)(2).  The extensive colloquy between the

trial court, trial counsel, and defendant belies defendant's claim

---

[1]  We have consolidated parts A and B of defendant's argument for
clarity.

A-0975-16T2

that his decision not to testify was uninformed. See State v. Ball, 381 N.J. Super. 545, 556-57 (App. Div. 2005) (holding that regardless of whether the defendant was advised by his counsel, the trial judge's explanation of defendant's right to testify and of the consequences of his choice defeats an ineffective assistance of counsel claim and cures any alleged deficiency in counsel's performance). However, we reverse and remand for an evidentiary hearing on defendant's contention that trial counsel failed to present an alibi defense for the reasons that follow.

We incorporate herein the facts set forth in State v. Boddie, No. A-1731-10 (App. Div. July 15, 2013), wherein we affirmed defendant's 2010 convictions for aggravated manslaughter and related weapons offenses, as well as his aggregate seventeen-year prison sentence, subject to the parole ineligibility requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2.[2] The convictions followed a jury trial and stemmed from defendant and a co-defendant exchanging words with the victim during a street encounter that resulted in the victim being fatally shot shortly before midnight

---

[2] Our Supreme Court denied defendant's petition for certification. State v. Boddie, 217 N.J. 295 (2014).

on September 16, 2006.  The State's theory was that the co-defendant was the shooter and defendant was a co-conspirator.[3]

The trial proofs showed that defendant and the co-defendant approached the victim in a vehicle driven by the co-defendant while the victim was engaged in a conversation with two women, both of whom knew both defendants and later identified them as the occupants of the car from which the gunshots were fired.  The car had been rented to the co-defendant in exchange for drugs, and was later found abandoned several blocks from the crime scene with empty shell casings and a projectile in the rear.  Defendant and the co-defendant were later apprehended out of state, and there was evidence that defendant had called both women and told them not to say anything.

In support of the present PCR petition, defendant certified that "[f]rom the very outset," he "informed [his] trial attorney . . . that [he] was home when this shooting took place and that both [his] sister and father could substantiate that alibi."  According to defendant, on the night of the shooting, he arrived home "prior to 10:00 p.m.[,] . . . had dinner with [his] sister, took a shower, and then watched television with [his] father before going to sleep."  However, defendant asserted, trial

---

[3]  In the joint trial, the co-defendant was found guilty of murder and related weapons offenses.

counsel failed to interview or present his sister or father to substantiate his alibi.

In a supporting certification, defendant's sister confirmed that defendant "arrived home on September 16, 2006, . . . [at] approximately 9:00 p.m.," after which they "ate dinner together[,] and then he watched television all night." According to defendant's sister, "[n]obody came to interview [her] on [her] brother's behalf," but "had [she] been asked, [she] would have gladly testified at trial as to [her] brother's whereabouts" on the night in question.

Similarly, defendant's father certified that at the time of the shooting, defendant was at home, having arrived at "approximately 8:30 p.m." According to defendant's father, they "watched television together for most of the night," and defendant "did not leave the house at all that night." Defendant's father asserted that "[n]obody came to interview [him] on [his] son's behalf," but "had [he] been asked, [he] would have gladly testified at trial as to [his] son's whereabouts."

On July 6, 2016, following oral argument, the PCR court denied defendant's petition in an oral decision without conducting an evidentiary hearing. The court found defendant's claim that he had told his trial counsel about his alibi witnesses "extremely improbable," and the court inferred from trial counsel not

5

presenting an alibi defense that "it wasn't there to present." The court pointed out that "[defendant] and his attorney were present [in court] when the co-defendant . . . and his attorney addressed [an] alibi defense" that the co-defendant "had timely interposed" but later withdrew. The court speculated that defendant conferred with his co-defendant and jointly agreed not "to call the alibi witness[es] . . . and let the State prove its case."

The court rejected defendant's "suggest[ion] that he was too intimidated by his lawyer to have done anything and spoken up," noting that defendant was not "a newcomer to the system who had never interacted with lawyers before," having "had one previous felony conviction" and "at least two juvenile adjudications." The court could not imagine that, given defendant's sentencing exposure, if "he actually had alibi witnesses available, that . . . he wouldn't have made noise about that every step of the way."

The court also rejected the supporting certifications of defendant's sister and father, noting "they offer[ed] no evidence whatsoever to corroborate the self-serving [years-after-the-fact] assertion that they were available as alibi witnesses." The court found that "[t]he very wording of the certifications" belied the content because the court could not

imagine that a parent or a sibling of someone who they [knew] to be falsely accused because they were with them at the time, could have not knocked down every door, and [gotten] copies of letters and cable messages, and anything else that they would have done to make sure that it was known that they were witnesses to the defendant's absolute innocence.

The court speculated that even assuming there was an alibi defense, it did not "know to what extent there may have been . . . a tactical rejection of the notion of calling [defendant's father], a twice convicted felon, . . . as a witness . . . to such a claim." Nonetheless, the court concluded that based on the timing, defendant's claim was not credible where neither defendant, "nor his father, [n]or his sister ever made some appropriate noise" about the existence of "this alibi defense . . . either at the time before trial, the eve of trial, or even at the time that the appeal was filed." This appeal followed.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of the issues necessitate a hearing. R. 3:22-10(b); State v. Porter,

216 N.J. 343, 355 (2013). However, a defendant is not entitled to an evidentiary hearing when his or her claims are "too vague, conclusory, or speculative." Porter, 216 N.J. at 355 (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

"Rule 3:22-10 recognizes judicial discretion to conduct such hearings." State v. Preciose, 129 N.J. 451, 462 (1992). Thus, we review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard. State v. Russo, 333 N.J. Super. 119, 140 (App. Div. 2000). A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 463. To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 60-61 (1987).

An ineffective assistance of counsel claim may be established when counsel fails to adequately conduct a pre-trial investigation. Porter, 216 N.J. at 352. Counsel has a duty to "conduct a prompt investigation of the circumstances of the case . . . relevant to [the defendant's] guilt and degree of guilt

or penalty." Id. at 353 (quoting Russo, 333 N.J. Super. at 139). Accordingly, "[f]ailure to investigate an alibi defense is a serious deficiency that can result in the reversal of a conviction" because of the great potential for creating reasonable doubt as to a defendant's guilt in the minds of the jury. Ibid.

If a defendant claims his counsel inadequately investigated an alibi defense, he or she "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant." Ibid. (quoting Cummings, 321 N.J. Super. at 170). The testimony of an alibi witness does not have to be free of credibility issues; it must simply have the ability to bolster the defense or refute the State's position if believed by the jury. State v. Pierre, 223 N.J. 560, 586-88 (2015). If there is a reasonable probability that the testimony of a witness who was not presented at trial or properly investigated by counsel could alter the outcome of the trial, a court should find that "counsel's errors were sufficiently serious so as to undermine confidence that defendant's trial was fair, and that the jury properly convicted him." Id. at 588.

The testimony of an alibi witness, when supported by the witness's affidavit or certification, should not be dismissed as not credible without an evidentiary hearing. See State v. Jones, 219 N.J. 298, 314 (2014) ("Although the timing and motivation of

[the alibi witness'] statement and her reason for not voluntarily appearing to testify as apparently had been expected raise important questions, those questions cannot be assessed and resolved without determining credibility."); Porter, 216 N.J. at 356 ("The court's findings regarding defendant's and his girlfriend's credibility, based only on their affidavits, was an improper approach to deciding this PCR claim and effectively denied defendant an opportunity to establish ineffective assistance of trial counsel."). Thus, "[e]ven a suspicious or questionable affidavit supporting a PCR petition 'must be tested for credibility and cannot be summarily rejected.'" Porter, 216 N.J. at 355 (quoting State v. Allen, 398 N.J. Super. 247, 258 (App. Div. 2008)).

Here, the PCR court found defendant's claims that his trial counsel failed to investigate his alibi defense lacked credibility, in part, because of the timing of the claims. However, "[a]ssessment of credibility is the kind of determination 'best made through an evidentiary proceeding with all its explorative benefits, including the truth-revealing power which the opportunity to cross-examine bestows.'" Id. at 347 (quoting State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998)). Because the PCR court incorrectly made credibility determinations without first conducting an evidentiary hearing, we are constrained to

reverse and remand for an evidentiary hearing on defendant's claim that trial counsel rendered ineffective assistance by failing to investigate and call defendant's father and sister as alibi witnesses.  On remand, defendant must satisfy both prongs of the Strickland test.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11